IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TERIS ROBINSON,                          :
                                         :
            Plaintiff,                   :
                                         :        CIVIL ACTION NO.
vs.                                      :
                                         :        1:20-CV-0674-CC
FAMILY DOLLAR STORES OF                  :
GEORGIA, LLC and JOHN DOE 1              :
Through JOHN DOE 3,                      :
                                         :
            Defendants.                  :

## OPINION AND ORDER

This matter is before the Court on Family Dollar's Motion for Partial Summary Judgment [Doc. No. 55] and Plaintiff Teris Robinson's Motion for Voluntary Dismissal Without Prejudice [Doc. No. 61]. For the reasons stated herein, the Court **GRANTS** the Motion for Voluntary Dismissal Without Prejudice, with conditions, and **DENIES as moot** Family Dollar's Motion for Partial Summary Judgment.

## I.    BACKGROUND

Plaintiff Teris Robinson ("Plaintiff") commenced this premises liability action in the State Court of DeKalb County against Defendant Family Dollar Stores of Georgia, LLC ("Family Dollar") and John Doe 1 through John Doe 3 on January 16, 2020. (Doc. No. 1-1.) Family Dollar removed the case to this Court on February

12, 2020.  (Doc. No. 1.)  The parties commenced discovery and, following two extensions, concluded discovery on December 14, 2020.  (Doc. Nos. 5, 37.)

Family Dollar filed its Motion for Partial Summary Judgment on January 13, 2021, seeking summary judgment on two damages claims.  (Doc. No. 55.)  Plaintiff requested an extension of time to respond to the summary judgment motion, and the Court granted her an extension through February 12, 2021.  (Doc. Nos. 59, 60.) Plaintiff did not file a response.  Instead, on February 19, 2021, Plaintiff moved the Court for a voluntary dismissal without prejudice.  (Doc. No. 61.)  Family Dollar opposes Plaintiff's motion.  (Doc. No. 62.)  If, however, the Court is inclined to grant Plaintiff's motion, Family Dollar requests that the Court order Plaintiff to reimburse Family Dollar its $400 removal cost and pay for the costs to remove the case again should Plaintiff seek to refile this action.  (Id.)

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(a)(2) states that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  "The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.' " Arias v. Cameron, 776 F.3d 1262, 1268 (11th Cir. 2015) (quoting McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856 (11th Cir.1986)).  In considering whether to

dismiss a case under Rule 41(a)(2), courts should "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Arias, 776 F.3d at 1269 (citing McCants, 781 F.2d at 857). District courts enjoy broad discretion in determining whether to permit a voluntary dismissal pursuant to Rule 41(a)(2) and under what conditions. McCants, 781 F.2d at 857.

"Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." Arias v. Cameron, 776 F.3d 1262, 1268 (11th Cir. 2015) (citations omitted). Even after a case has proceeded to summary judgment, this procedural posture, in the absence of bad faith, does not automatically give rise to a finding of clear legal prejudice. See Potenberg v. Boston Scientific Corp., 252 F.3d 1253, 1257-58 (11th Cir. 2001).

## III.    DISCUSSION

Having weighed the relevant equities in the instant case, the Court finds that a voluntary dismissal with conditions is appropriate. Here, there is no clear legal prejudice that Family Dollar will suffer in the face of a voluntary dismissal. Family Dollar argues that Plaintiff is likely seeking to avoid an adverse ruling on the partial summary judgment motion, but "the mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence

of bad faith, does not constitute plain legal prejudice." <u>Potenberg</u>, 252 F.3d at 1258. There is no showing or indication of bad faith in this case.

Given the Court's inclination to grant Plaintiff's motion, the Court's next consideration is whether to impose conditions.  As stated above, Family Dollar requests that the Court order Plaintiff to reimburse Family Dollar its $400 removal cost and pay for the costs to remove the case again should Plaintiff seek to refile this action.  Plaintiff has not opposed the imposition of these conditions, and the Court finds them to be reasonable.

## IV.  CONCLUSION

Based on the foregoing, the Court **GRANTS** the Motion for Voluntary Dismissal Without Prejudice [Doc. No. 61] and **DENIES as moot** Family Dollar's Motion for Partial Summary Judgment [Doc. No. 55].

The Court **ORDERS** Plaintiff to reimburse Family Dollar its $400 in costs in removing the above-styled action and to pay for the costs to remove the case again should Plaintiff refile this action in state court.

SO ORDERED this <u>18th</u> day of <u>March</u>, 2021.

<u>s/  CLARENCE COOPER</u>
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE